IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAYFORD PERRY | § | |
| v. | § | CIVIL ACTION NO. 5:09cv134 |
| PAMELA KIRKPATRICK, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Rayford Perry, proceeding *pro se*, filed this civil action under the Religious Land Use and Institutionalized Persons Act complaining of alleged violations of his right to religious freedom. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Perry's original complaint named 61 defendants and raised a large number of claims, some of which concerned matters previously litigated and others of which appeared to be barred on their face by the statute of limitations. The Magistrate Judge ordered him to file an amended complaint, which he did on December 21, 2009, reducing the number of named defendants to 14. These Defendants were ordered to answer the complaint, and they filed a motion for judgment on the pleadings, to which Perry filed multiple responses.

In a motion for judgment on the pleadings, the Court is confined to the pleadings and must accept all allegations therein as true; the rule is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Rule 12(c), Fed. R. Civ. P.; <u>Hebert Abstract v. Touchstone Properties, Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990). After considering the pleadings under the standard of review set out by the Fifth Circuit, the Magistrate Judge issued a Report on July 20,

2010, recommending dismissal of all of Perry's claims except for three. These three involve an alleged use of force by Julian Godwin on May 15, 2009; an alleged use of force by James Edmond on April 1, 2009; and alleged deliberate indifference to serious medical needs by Dr. Thompson on July 1, 2009.

Following the issuance of the Magistrate Judge's Report, Perry filed a "motion to amend and recover pleadings," but this motion referred only to his claims against Godwin and Edmond. Perry indicates that he wishes to amend his pleadings regarding these defendants in some way which is not clear, although he refers to exhaustion of administrative remedies. He did not mention any of the claims for which the Magistrate Judge recommended dismissal.

Perry's request to amend his complaint lacks merit even apart from being construed as objections to the Report. The proposed amended complaint is not in proper form because an amended complaint supersedes the original. Clark v. Tarrant County, Texas, 798 F.2d 736, 740 (5th Cir. 1986). Thus, to file an amended complaint properly, Perry must submit a complete complaint in one document; he cannot amend his complaint in piecemeal fashion. In addition, the proposed amended complaint contained within the motion contains no facts and it is difficult to discern exactly how Perry wishes to amend his complaint. His motion to amend should be denied.

Perry has also filed two "declarations in support of the complaint." In the first of these, he claims that employees of TDCJ and the University of Texas Medical Branch have harassed and retaliated against him for filing grievances, and that they conspired to arrange a marriage between Perry and an officer named Sherry Courtney. He also complains, in a vague manner, about incidents that occurred in April and May of 2010, well after the lawsuit was filed, involving persons not named as defendants in the case. In his second declaration, Perry complains that three individuals, Pratt, Odom, and Hendrix, who are not named as defendants in the amended complaint, signed as witness to the harassment of and retaliation against Perry. This harassment and retaliation took various forms, including the arranging of a marriage between himself and Sherry Courtney, as well as through "bogus disciplinary cases, commissary purchase receipts, bloodwork (etc)." He also says

that these officials "justified" other employees in such acts as "assault, use of force, destroy commissary purchase items, deny me a legal visit with offender Theodore Simmons, so that [a prior lawsuit] would be dismissed, prescribe anti-psychotic drugs to mess up my brain, also regardless of what unit that I'm assign to in TDCJ, that TDCJ, UTMB, Texas Tech employees will continue to harass, conspire, and retaliate against me and in time will kill me."

Even if Perry's pleadings after the Report could be construed as objections, they are patently without merit. He does not address any of the recommendations that any claims or defendants be dismissed, and his reference to TDCJ and UTMB fail to address the basis for the recommendation of the dismissal of these agencies, which is that as state agencies, they have absolute immunity from suit under the Eleventh Amendment. While Perry also refers to Pratt, Odom, and Hendrix, these persons are not named as defendants in his amended complaint, which is the complaint upon which the case is now proceeding. Nor can his objections be construed as seeking to raise a claim against any of these persons, inasmuch as he offers no specific facts to support claims of liability against any of them. Perry's repeated references to an "arranged marriage" between himself and an officer named Sherry Courtney is a consistent theme in the cases which he has filed, and has been determined by this Court to be "fanciful, fantastic, and delusional." Perry v. Livingston, et al., civil action no. 5:06cv81 (E.D.Tex., August 8, 2006, no appeal taken).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's subsequent pleadings. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that to the extent that Perry's subsequent pleadings may be considered as objections, they are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is adopted as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for judgment on the pleadings as to the Defendants Pamela Kirkpatrick, Angela Dugger, Sharon Different, William Jock, James Johnson, April

Thompson, Kisha Stotts, and Nancy Davenport is hereby GRANTED and the claims against these persons are hereby DISMISSED with prejudice.  It is further

ORDERED that the Defendants' motion for judgment on the pleadings as to Desiree Kidd is GRANTED and the claims against her are dismissed with prejudice as to their refiling in federal court, but without prejudice as to their refiling in state court or through such state administrative procedures as may be appropriate; similarly, any claims by Perry for confiscation of property by James Johnson are hereby DISMISSED without prejudice as to their refiling in state court or the appropriate state administrative procedures.  It is further

ORDERED that the Plaintiff's retaliation claims against Julian Godwin, James Edmond, and Jack Thompson are hereby DISMISSED with prejudice.  It is further

ORDERED that the Plaintiff's claims against the Texas Department of Corrections, Correctional Institutions Division and the University of Texas Medical Branch are DISMISSED with prejudice as frivolous.  It is further

ORDERED that the Defendants Pamela Kirkpatrick, Angela Dugger, Sharon Different, William Jock, James Johnson, April Thompson, Kisha Stotts, Nancy Davenport, Desiree Kidd, Texas Department of Corrections, Correctional Institutions Division and the University of Texas Medical Branch are hereby DISMISSED as parties to the lawsuit.  The only claims remaining in this case are: (1) the Plaintiff's claim that Julian Godwin used excessive force on him on May 15, 2009; (2) the Plaintiff's claim that James Edmond used excessive force on him on April 1, 2009; and (3) the Plaintiff's claim that Dr. Thompson was deliberately indifferent to his medical needs by refusing him medical treatment on July 1, 2009.  Any other claims in the case are DISMISSED with prejudice, except as set forth above.  Finally, it is

ORDERED that the Plaintiff's motion to amend or recover pleadings (docket no. 46) is DENIED.

SIGNED this 25th day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE