IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAYFORD PERRY | § | |
| v. | § | CIVIL ACTION NO. 5:09cv134 |
| PAMELA KIRKPATRICK, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rayford Perry, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

I. Background

Perry's original complaint named 61 defendants and raised a large number of claims, many of which had been the subject of previous litigation or appeared to be barred on their face by the statute of limitations. The Magistrate Judge ordered Perry to file an amended complaint, and service of process was issued on the defendants named in the amended complaint. On March 3, 2010, the Defendants filed a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., and that motion was granted on August 30, 2010, as to all of the Defendants except for Julian Godwin, James Edmond, and Dr. Thompson.

Perry filed a motion for summary judgment on November 15, 2010, and the three remaining Defendants filed a motion for summary judgment on December 3, 2010. On March 18, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Defendants' motion for summary judgment be granted and that the lawsuit be dismissed.

1

## II. Perry's Objections to the Report

On April 27, 2010, Perry submitted an affidavit saying that the mailroom at the prison was refusing to weigh his objections for postage, thus preventing him from mailing them out. He attached some 25 pages of exhibits to his affidavit, including a copy of the Report and a note from the prison mailroom officer saying "this is not legal mail. Is this the same items we have weighed several times for you? If so stop sending it."

After receiving this affidavit, the Magistrate Judge ordered that prison officials provide the Court with records concerning Perry's allegation that he was being prevented from filing objections with the Court. On May 27, 2011, the prison officials responded to this order with an affidavit from Cynthia Guyer, mailroom supervisor at the Smith Unit where Perry is confined. This affidavit states that on four separate occasions, Perry sent a ragged, used envelope, originally addressed to his parents, to be weighed by the mailroom. On each of these four occasions, the envelope was weighed and sent back to him, because there was never any postage affixed. The envelope was never identified as legal mail or it would have been handled as such. A handwritten statement from Guyer saying essentially the same thing was furnished on May 31, 2011.

On June 21, 2011, Perry filed his reply to the Defendants' response. In this reply, Perry again says that Guyer refused to weigh his objections for postage and thus interfered with his right of access to court. He attaches as exhibits a copy of Guyer's affidavit and a copy of her handwritten statement, and then various I-60 inmate requests that he wrote. The first of these, undated, asked that legal mail be weighed for postage, and the response says that the postage will be $5.15, or twelve stamps. The second request, also undated, asks that the "attached envelopes 1 & 2" be weighed for postage, and the response was "please check the outgoing address, resend to mailroom."

The third request asks that "the attached envelope be weighed for postage and returned." The response, which is dated December 13, 2010, says that three 44 cent stamps are needed.

2

Perry's replies do not contradict the response from the prison officials; indeed, the first I-60 inmate request that he attached to his second response shows that when he asked for legal mail to be weighed, the mailroom did so, and notified him of how much postage would be required. This confirms Guyer's statement that had Perry designated his envelope as legal mail, it would have been handled as such. Perry does not explain why he used an envelope which had already been used multiple times for his objections, nor why he did not designate it as legal mail when he sent it to the mailroom to be weighed for postage.

Furthermore, since the filing of the Report, Perry has sent two letters to the Court - one being his complaint that his objections were not being mailed, and the other being his supplemental affidavit. Perry does not explain why he could not have simply sent his objections to the Magistrate Judge's Report along with, or as part of, either of these two pleadings. His first letter, which was received on April 27, 2011, consisted of a two-page affidavit with twenty-five pages of exhibits, and his second letter consisted of a three-page affidavit with eleven pages of exhibits.

It is apparent that Perry is not being denied access to court; instead, as Guyer's uncontroverted affidavit states, Perry attempted to send his objections in a used envelope, without designating it as legal mail. When it was sent back to him, he was then able to contact the Court to complain that his used envelope had been rejected. The Court finds that Perry has not shown good cause for his failure to file objections to the Report of the Magistrate Judge, and as a result, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 83) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 68) is GRANTED and that the above-styled civil action is hereby DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED. Finally, it is

ORDERED that inasmuch as the claims raised in this lawsuit were dismissed in part as frivolous in the Court's order of August 30, 2010 (docket no.54), this final judgment does count as a strike for purposes of 28 U.S.C. §1915(g). *See* Comeaux v. Cockrell, 72 Fed.Appx. 54, 2003 WL 21659432 (5th Cir., July 15, 2003) (partial dismissal as frivolous counts as a strike even when case ultimately dismissed for failure to obey an order of the court), *citing* Patton v. Jefferson Correctional Center, 136 F.3d 458, 463 (5th Cir. 1998). It is therefore

ORDERED that the Clerk shall transmit a copy of this order and the August 30, 2010 order (docket no. 54) to the Administrator of the Strikes List for the Eastern District of Texas.

SIGNED this 5th day of July, 2011.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE